IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1872-11






EX PARTE JUAN CARPIO-CRUZ, Appellant








ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





Per curiam.



O P I N I O N 




 Pursuant to a plea agreement, the Appellant pled guilty in 2009 to possession of a
controlled substance. The following year, he filed an application for a writ of habeas corpus
claiming that his counsel provided ineffective assistance by failing to advise him that his
guilty plea would result in deportation. The trial court granted relief and the Court of Appeals
affirmed. Ex parte Carpio-Cruz, No. 08-10-00240-CR (Tex. App.--El Paso 2011). The State
has filed a petition for discretionary review contending the Court of Appeals erred in holding
(1) Padilla v. Kentucky, 559 U.S. 356 (2010), applies retroactively to the collateral review of
a state conviction that was final when the Padilla opinion was issued, and (2) the Court of
Appeals erred in holding that Carpio-Cruz pleaded and proved the prejudice prong of
Strickland v. Washington, 466 U.S. 668 (1984). 

 The U.S. Supreme Court recently held that, under Teague v. Lane, 489 U.S. 288
(1989), Padilla does not have retroactive effect. Chaidez v. United States, 133 S.Ct. 1103
(2013). Today, we adopted that Court's reasoning as a matter of state law in Ex parte De Los
Reyes, No. PD-1457-11, __ S.W.3d __ (Tex. Crim. App. March 20, 2013). 

 The Court of Appeals in the instant case did not have the benefit of our opinion in Ex
parte De Los Reyes. Therefore, we grant the State's petition for discretionary review, vacate
the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light
of Ex parte De Los Reyes.


Delivered March 20, 2013 

Do Not Publish